NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3100

VIVIAN J. BLAHA,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in DA0831070068-B-1.

ON MOTION

Before GAJARSA, FRIEDMAN, and LINN, Circuit Judges.

PER CURIAM.

## O R D E R

Vivian J. Blaha moves for leave to file her brief out of time.

On February 11, 2009, Blaha's petition was dismissed for failure to file a Fed. Cir. R. 15(c) statement concerning discrimination. On February 19, 2009, Blaha moved for reconsideration of the dismissal order and attached the required statement. Blaha also moved for an extension of time, until March 15, 2009, to file her brief. On March 10, 2009, the court ordered that it would grant her motion to reinstate if she filed her brief within 21 days, i.e., by March 31, 2009.

Blaha did not file a brief by March 31, 2009. On April 2, 2009, the court received Blaha's motion for leave to file her brief out of time. Counsel for Blaha states, inter alia, that she attempted to complete the brief by the due date and that she "has had too many trials, hearings and briefs in too short of a period of time."

Blaha does not explain why she could not timely file a motion for an extension of time to file her brief. Blaha does not comply with Fed. Cir. R. 26(b), which requires that a motion for an extension of time to file a brief must filed at least seven calendar days before the date sought to be extended, or that in extraordinary circumstances a motion may be made later than the deadline but the motion must include an accompanying affidavit or unsworn declaration under penalty of perjury describing the circumstances.

The court received Blaha's brief on April 2, 2009. The brief does not comply with the court's rules. For example, it does not contain a copy of the underlying Merit Systems Protection Board decision (see Fed. Cir. R. 28(a)(12)) and it refers to the Board record rather than a joint appendix (see Fed. Cir. R. 31),

In any event, "[i]t is well settled that a person is bound by the consequences of his representative's conduct, which includes both his acts and omissions." Rowe v. Merit Sys. Prot. Bd., 802 F.2d 434, 437 (Fed. Cir. 1986). See also Link v. Wabash Railroad Company, 370 U.S. 626, 633-635 (1962); Huston v. Ladner, 973 F.2d 1564, 1567 (Fed. Cir. 1992). The court has put counsel on notice that it will dismiss an appeal for failure to prosecute. Julien v. Zeringue, 864 F.2d 1572 (Fed. Cir. 1989) (failure to file a brief can be the basis for dismissal of a case). See also Fed. Cir. R. 45 (the court may dismiss an appeal for failure to follow the rules); Fed. Cir. R. 31(d) (the clerk is authorized to dismiss a case for failure to file the opening brief). Thus, Blaha has not shown that the petition for review, previously dismissed for failure to prosecute, should be reinstated in light of the continued inability to meet court deadlines.

Accordingly,

IT IS ORDERED THAT:

The motion is denied. The brief is not accepted.

FOR THE COURT

MAY – 5 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:   Afton Jane Izen, Esq.
      Matthew H. Solomson, Esq.

s8

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAY – 5 2009

JAN HORBALY
CLERK

2009-3100                - 3 -